IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-cv-161-BO

| KIMBERLY YVETTE ATKINSON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| VIDANT MEDICAL CENTER, | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion requesting assistance in settlement negotiations [DE 19] and defendant's motions to strike [DE 33] and for summary judgment [DE 21]. For the reasons discussed below, plaintiff's motion [DE 19] is DENIED, defendant's motion for summary judgment [DE 21] is GRANTED, and defendant's motion to strike [DE 33] is DENIED AS MOOT.

## BACKGROUND

Plaintiff was employed by defendant Vidant Medical Center as a service desk specialist. Service desk specialists provide technological support for all employees across the Vidant Health System; plaintiff was expected to receive and resolve technological issues and assist other service desk employees in doing the same. Plaintiff reported to Terry Collins, the service desk manager. In 2015, the service desk started utilizing metrics to measure performance. The desk also started rating and reviewing customer service call quality. In August 2017, defendant undertook an initiative to familiarize the service desk specialists with the metrics, specifically, to train them on the technology and tools to generate their own metrics. The goal was to give service specialists the

ability to understand their contributions and areas for improvement. The parties disagree as to whether plaintiff was openly resistant to this initiative. *Compare* DE 23, ¶¶ 16, 17, *with* DE 31, ¶ 17.

In her 2017 performance review, which occurred in January 2018, plaintiff received "below expectations" ratings from Collins. In Collins's judgment, plaintiff struggled with supporting change, receiving feedback, and employing the most efficient work habits. Collins rated plaintiff "below expectations" in the areas of ownership, attitude, accountability, communication, growth and commitment. Plaintiff disagrees with Collins's assessment. *Compare* DE 23, ¶ 19, *with* DE 31, ¶ 20.

Because of the poor review, plaintiff was put on a performance improvement plan with the goal of correcting the deficiencies. As part of the improvement plan, plaintiff met with Collins and Vickie Williford (a human resources employee) on a monthly basis to discuss her progress. Defendant contends that in these meetings, plaintiff was rude, unprofessional, displayed a lack of trust in Collins, interrupted Collins, and tried to rehash the issues of the performance review and the call quality initiative. DE 23, ¶ 25. Plaintiff does not controvert this factual assertion by defendant. DE 31, ¶ 25.

At the end of the improvement period, pursuant to the improvement plan procedures, plaintiff received a special performance review to assess her progress under the plan. Again, it was Collins's assessment that plaintiff's performance was "below expectations" in the areas of ownership, attitude, accountability, communication, growth, and commitment. DE 23, ¶ 28. Plaintiff does not controvert this point. DE 31, ¶ 28.

On July 26, 2018, Collins terminated plaintiff's employment. According to defendant, plaintiff's employment was terminated because of her negative behavior and attitude, her stated

2

lack of trust in Collins as a manager, and her continued resistance to the metrics initiative. DE 23, ¶ 30. While Collins ultimately made the decision to terminate, Williford agreed with the decision. *Id.* ¶ 31.

On May 25, 2018, plaintiff, who is African American, filed an EEOC Charge of Discrimination alleging racial discrimination. On June 18, 2018, the EEOC notified plaintiff that it was unable to conclude, based on its investigation, whether statutes were violated. After termination, plaintiff did not file a second EEOC Charge, but did send a letter to the EEOC on October 31, 2018, stating she was fired in retaliation for her complaint.

Plaintiff filed the complaint in this suit on September 18, 2018. Plaintiff alleges that she suffered adverse employment action because of her race and that defendant retaliated against her because of her EEOC Charge.

The discovery period ended on May 31, 2019. Plaintiff moves for the Court's assistance in settlement negotiations. Defendant moves for summary judgment and to strike and exclude many of plaintiff's exhibits, unsworn testimony, and affidavits.

DISCUSSION

Motion to Strike

Defendant filed a motion to strike and exclude numerous exhibits, unsworn testimony, and affidavits filed by plaintiff on August 7, 2019. DE 33. On that date, plaintiff filed her response in opposition to defendant's summary judgment motion, her opposing statement of material facts, and an appendix to the opposing statement of facts, which include many documents that are either unsworn, completely irrelevant, or were not properly provided in response to defendant's discovery request. The number of pages and documents at issue in defendant's motion to strike are

numerous, and the Court sees no point in relisting them here. Instead, the Court incorporates the documents listed in defendant's motion, DE 33, by reference.

A party that fails to provide information or identify a witness as required by the discovery rules is not allowed to use that information or witness to supply evidence on a motion. Fed. R. Civ. P. 37(c)(1). Additionally, "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). Finally, affidavits that are irrelevant and unrelated to the dispute do not create a genuine issue of material fact for the summary judgment analysis. Accordingly, the Court will not formally strike plaintiff's submissions, but any documents that are unsworn, irrelevant, or were not provided during discovery will not be considered for summary judgment.

Summary Judgment

A motion for summary judgment may not be granted unless there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

In determining whether a genuine issue of material fact exists, a court must view the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). The Court finds that there are no genuine issues of material fact and that defendants are entitled to summary judgment.

The scope of plaintiff's law suit is determined by the EEOC Charge's contents. *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Any allegations or claims of discrimination outside the scope of the EEOC Charge are deficient for failure to exhaust administrative remedies. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). Here, plaintiff's EEOC Charge alleges discrimination starting in January 2018 when she received unsatisfactory work performance ratings. DE 24-3, Ex. 1. The EEOC Charge also includes her being placed in the performance improvement program, the manner in which the company dealt with her administrative grievance, that coworkers were instructed not to email her for assistance, and an incident involving another co-worker who was allegedly condescending to her. Plaintiff also alleges, in an October 31, 2018 letter to the EEOC, that she was retaliated against by defendant for her filing the EEOC complaint. DE 24-4. An employee may include a claim for retaliation without filing a separate EEOC Charge. *See Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416-417 (4th Cir. 2014). Accordingly, plaintiff's retaliation claim need not have been included in the EEOC Charge.

A plaintiff may establish discrimination either through direct evidence showing racial discrimination or by demonstrating pretext using the *McDonnell Douglas* pretext framework. *See*

5

*Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

Plaintiff appears to proceed under the pretext framework, challenging the stated reasons for the adverse employment actions taken against her. "To establish a prima facie case of race discrimination under *McDonnell Douglas*, a plaintiff must demonstrate "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015).

With respect to the performance review in January 2018—on the evidence properly before the Court that it may consider—plaintiff provides neither evidence of racial discrimination nor evidence that casts Collins's given reasons for the assessment as pretextual. Collins's reasons for the negative performance review were that plaintiff struggled with supporting change, receiving feedback, and using the most efficient work habits. No evidence provided by plaintiff casts doubt on these reasons and there is no genuine dispute of material fact. At several points in her deposition, plaintiff herself characterizes her disagreement with Collins's assessment as a difference of opinion. DE 24-3, Plaintiff's Dep. 125:19-126:17; 162:24-163:3. While plaintiff may have disagreed with Collins's assessment of her performance, this Court does not sit to appraise Collins's appraisal. *See Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000).

After the initial performance review, plaintiff was put into the performance improvement program. Here, plaintiff provides no statements of fact or evidence that her placement into the program was anything other than defendant following its corporate policies for employees who received poor performance reviews. On the issue of plaintiff's conduct in the performance improvement meetings with Collins and Williford, plaintiff does not controvert defendant's factual

claim that plaintiff was rude, unprofessional, displayed lack of trust, interrupted Collins, and tried to rehash the issues of the performance review and the call quality initiative. DE 23, ¶ 28; DE 31, ¶ 28. "Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civil Rule 56.1(a)(2). Uncontroverted, defendant's factual assertions characterizing plaintiff's conduct at the performance improvement meetings are deemed admitted.

Plaintiff has thus failed to make a prima facie showing under *McDonnell Douglas* because she has not shown that her job performance was satisfactory. Specifically, plaintiff does controvert defendant's factual statement and evidence that plaintiff was rude and displayed unprofessional conduct in the performance improvement meetings. Plaintiff also does not provide evidence undercutting defendant's claim that plaintiff was openly resistant to Collins about the metrics initiative. "Title VII is not intended to immunize insubordinate, disrespectful or nonproductive behavior at work." *Laughlin v. Metropolitan Wash. Airport Auth.*, 149 F.3d 253, 260 (4th Cir. 1998).

Plaintiff also includes three other instances of alleged discrimination in her EEOC Charge, specifically, that coworkers were instructed not to email plaintiff for assistance and that, at an April 23, 2018 group meeting, another coworker directed condescending comments towards plaintiff, and the manner in which defendant handled her administrative grievance. Plaintiff offers no statements of fact on these events. *See* DE 31. As a result, the Court does not find that a genuine issue of material exists as to these events.

Finally, plaintiff claims she was terminated because of her EEOC Charge. To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that (1) she engaged in

7

protected activity; (2) she suffered an adverse action; and (3) there is a causal nexus between the protected activity and the adverse action. *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016). Plaintiff has not demonstrated a causal nexus. Specifically, both Collins and Williford state in their sworn affidavits that they were unaware of the EEOC Charge until after the present lawsuit was filed. DE 24-1 ¶ 24; DE 24-2 ¶ 13. Plaintiff provides no evidence controverting this. To survive summary judgment, plaintiff's retaliation claim requires a showing that the relevant individuals were aware of the EEOC Charge at the time the alleged retaliation occurred. *Baqir v. Principi*, 434 F.3d 733, 748 (4th Cir. 2006). Plaintiff's retaliation claim therefore lacks merit.

In sum, plaintiff has failed to make a prima facie showing on either her discrimination or her retaliation claim. Defendant's motion must be granted.

Motion Requesting Assistance for Settlement Negotiations

Plaintiff moves for the Court to assist with settlement negotiations or other means of alternative dispute resolution. DE 19. Pursuant to Local Alternative Dispute Resolution Rule 101.2(b), court-hosted settlement conferences are held after the summary judgment stage. Since the Court grants defendant's motion for summary judgment, plaintiff's motion is denied as moot.

## CONCLUSION

For the above reasons, plaintiff's motion for court assisted settlement negotiations [DE 19] is DENIED and defendant's motion for summary judgment [DE 21] is GRANTED. Defendant's motion to strike [DE 33] is DENIED AS MOOT. The Clerk is DIRECTED to enter judgment in defendant's favor and close the case.

SO ORDERED, this \_\_4\_\_ day of November, 2019.

                                                *Terrence W. Boyle*
                                                TERRENCE W. BOYLE
                                                CHIEF UNITED STATES DISTRICT JUDGE